**RESOLUTE, APC**
JESSICA S. PLINER (SBN 261976)
Email: Jessica@Resoluteapc.com
ELENO NUNEZ GONZALEZ (SBN 332555)
Email: Eleno@Resoluteapc.com
One Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: 415.843.5487

Attorneys for Defendants
WRI GREENHOUSE, L.P., KIMCO REALTY CORPORATION, KIMCO REALTY OP, LLC, and KRC PROPERTY MANAGEMENT I, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| RAGINI KAPADIA,<br><br>Plaintiff,<br><br>v.<br><br>WRI GREENHOUSE, L.P., KIMCO REALTY CORPORATION, KIMCO REALTY OP, LLC, KIMCO REALTY CORPORATION dba KRC MANAGEMENT CORP., KRC PROPERTY MANAGEMENT I, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT KIMCO REALTY CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a)**<br><br>Complaint Filed: April 7, 2026<br>Trial Date: Not Set |

TO THE HONORABLE COURT AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE that on June 5, 2026, Defendant KIMCO REALTY CORPORATION ("Defendant"), by and through its counsel, filed this Notice pursuant to 28 U.S.C. § 1332(a) with the Clerk of the Court for the United States District Court, Northern District, and the supporting pleadings, to accomplish the removal of this action pending in the Superior Court of the State of California in and for the County of Alameda, entitled *Ragini Kapadia v. WRI Greenhouse, L.P., et al.,* Alameda County Superior Court

Case No. 26CV181069, commenced on April 7, 2026, on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332(a):

**I. JURISDICTION AND VENUE**

1. The Court has jurisdiction of this civil action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and Defendant may remove this action to this Court in accordance with 28 U.S.C. § 1332(a), because this is an action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. (28 U.S.C. §§ 1332, 1441(b), and 1446(b)).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(b), 1391(b)(2), and 1446 as the action was filed in Alameda Superior Court.

**II. STATUS OF THE PLEADINGS**

3. On April 7, 2026, Plaintiff RAGINI KAPADIA ("Plaintiff"), filed a civil action in the Superior Court of California for the County of Alameda, entitled *Ragini Kapadia v. WRI Greenhouse, L.P., et al.,* Alameda County Superior Court Case No. 26CV181069. True and correct copies of the Summons and Complaint are collectively attached to the Declaration of Jessica Pliner as **Exhibit D**.

4. Defendants WRI GREENHOUSE, L.P., KIMCO REALTY CORPORATION, KIMCO REALTY OP, LLC, and KRC PROPERTY MANAGEMENT I, INC. filed and served their answer in Alameda County Superior Court on June 4, 2026. A true and correct copy of the Answer is attached to the Declaration of Jessica Pliner as **Exhibit E**.

5. Defendant filed this Notice of Removal within the thirty (30)-day time limit for removal set forth in 28 U.S.C. § 1446(b)(3).

6. Plaintiff's Complaint arises out of events related to an automobile accident occurring at the bank she worked at in San Leandro, California. Plaintiff is a resident and citizen of the State of California, and she asserts a claim for negligence against Defendants. (**Exhibit D**.)

**III. REMOVAL IS PROPER BASED UPON DIVERSITY OF CITIZENSHIP**

7. This action may be removed to this Court by Defendant pursuant to the

provisions of 28 U.S.C. §§ 1332(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A. Plaintiff and Defendants are not citizens of the same state, the first basis for Diversity Jurisdiction**

8. Plaintiff was at all times relevant to the issues in the Complaint, a resident and a citizen of the State of California. (**Exhibit D**.)

9. Defendant WRI Greenhouse, L.P. is a Delaware corporation with a principal place of business in Jericho, NY. (**Exhibit F**.)

10. Defendant Kimco Realty Corporation is a Maryland corporation with a principal place of business in Jericho, NY. (**Exhibit G**.)

11. Defendant Kimco Realty OP, LLC is a Delaware limited liability corporation with a principal place of business in Jericho, NY. (**Exhibit H**.)

13. Defendant KRC Property Management I, Inc. is a Delaware corporation with a principal place of business in Jericho, NY. (**Exhibit I**.)

14. This Court may take judicial notice of the filings with California Secretary of State and available on the Secretary of State's website, indicating that:

a. Defendant WRI Greenhouse, L.P. is a Delaware corporation with a principal place of business in Jericho, N.Y.;

b. Kimco Realty Corporation is a Maryland corporation with a principal place of business in Jericho, N.Y.;

c. Defendant Kimco Realty OP, LLC is a Delaware limited liability corporation with a principal place of business in Jericho, N.Y.; and

d. Defendant KRC Property Management I, Inc. is a Delaware corporation with a principal place of business in Jericho, N.Y. (**Exhibits F-I**).

15. Defendant WRI Greenhouse, L.P. is a citizen of the State of Delaware for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

16. Defendant Kimco Realty Corporation is a citizen of the State of Maryland

for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

17. Defendant Kimco Realty OP, LLC is a citizen of the State of Delaware for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

18. Defendant KRC Property Management I, Inc. is a citizen of the State of Delaware for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1)

19. Defendants WRI Greenhouse, L.P., Kimco Realty OP, LLC, and KRC Property Management I, Inc. agreed and consented to removal of this case to federal court. (Declaration of Jessica Pliner, ¶ __.)

20. For purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business." 28 U.S.C. § 1332(c)(1). While a corporation's state of incorporation can be determined with ease, its principal place of business often proves elusive. To simplify the jurisdictional inquiry, the Supreme Court has defined "principal place of business" to mean "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80, (2010). This "nerve center" is "typically…found at a corporation's headquarters." *Id.* at 81. *3123 SMB, LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018).

21. Defendants' corporate headquarters are in New York, where high level officers direct, control, and coordinate its activities. Neither California, nor any other state in which Defendants operate, contains a substantial predominance of the company's operations. Consequently, Plaintiff and Defendants are not citizens of the same states, and removal based on diversity of citizenship/residency is proper.

**B. The amount in controversy exceeds $75,000, the second basis for Diversity Jurisdiction**

22. Defendants WRI GREENHOUSE, L.P., KIMCO REALTY CORPORATION, KIMCO REALTY OP, LLC, KRC PROPERTY MANAGEMENT I, INC. dispute that they are liable for any damages whatsoever to Plaintiff. Nevertheless, Defendants can

demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id*.

25. Pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1332, this case meets the elements of diversity jurisdiction if it is a civil action between citizens of different states/countries and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Where it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.,* 726 F.3d 1118, 1121–22 (9th Cir. 2013) (quotation marks and citations omitted); *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996).

26. In her Complaint, Plaintiff seeks damages specifically for unspecified "injuries and damages" she sustained due to a motorist driving a vehicle into the Chase Bank where she worked. (**Exhibit D**, ¶¶ Prem.L-1, Prem.L-2, Prem.L-3, Prem.L-4, Prem.L-5 and GN-1.) Plaintiff also seeks damages for wage loss, hospital and medical expenses, general damage, loss of earning capacity and other damages according to proof. (**Exhibit D**, ¶¶ 11 (a)-(g).) In the Complaint's prayer, she seeks general and special damages, costs of suit incurred herein, and interest on the complaint. (**Exhibit D**, ¶ 14.) In the Premises Liability attachment to her Complaint, Plaintiff asserts that she suffered a traumatic right tibia/fibula fracture, severe knee injury, back pain and strain. (**Exhibit D**, Prem L-1 Attachment, ¶ 6.) She further alleges that she has incurred more than $110,000 in workers compensation benefits including $40,000 in medical benefits and over $67,000 in indemnity. Plaintiff also served a statement of damages, seeking $5,000,019 in damages. (**Exhibit D, Statement of Damages).**

27. In assessing, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the

complaint. *Campbell v. Vitran Express, Inc*. 471 F.App'x 646, 648 (9th Cir. 2012); quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D.Cal. 2002)—meaning the court must take her allegations that she suffered all of the damages and relief sought as true and that a jury will return a verdict awarding all of the other damages she seeks. Here, without even knowing how much Plaintiff seeks in past and future medical costs, pain and suffering and costs of suit, Defendants can establish by the preponderance of evidence that the allegations of damages in the Complaint alone exceed $75,000. *See, White v. FCI USA, Inc.* (5th Cir. 2003) 319 F.3d 672, 674 ("facially apparent" from allegations showing lengthy list of compensatory damages).

28. As set forth in the attached declaration of Jessica Stuart Pliner, and **Exhibit C**, attached thereto, damages have been awarded in personal injury cases with similar allegations of injuries in amounts of: 1) $301,090 reduced by 50% for contributory negligence with reduced awards for pain and suffering of $135,000 for a knee injury (*Martin v. San Francisco Bay Area Rapid Transit District*, 2017 WL 9470560); 2) $250,000 reduced by 50% for contributory negligence with $115,000 for pain and suffering for orthopedic injuries (*Brown v. Hercus*, 2022 WL 17092727); 3) $329,000 with $300,000 of the damages for pain and suffering (*Aposaga v. Thrifty Payless*, 2022 WL 1315657); and 4) $153,450 settlement with $77,019 for pain and suffering for a broken arm (*Mitchell v. Lakeshore Villa Apartments*, 2019 WL 8062643).

29. Based upon damages alleged in the Complaint, and the statement of damages served with the Complaint, the preponderance of the evidence establishes the amount in controversy exceeds $75,000. See *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (removal proper where defendant "can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount").

30. This removal notice is filed in the United States District Court for the Northern District of California because the *Kapadia* action is pending in state court in the County of Alameda, within this Court's jurisdiction.

31. Defendant has sought no similar relief with respect to this matter.

**WHEREFORE**, Defendant respectfully prays that this Notice of Removal be deemed good and sufficient, and that Case No. 26CV181069 be removed from the Superior Court of California, County of Alameda, to the docket of this honorable Court, the District Court of the United States, for the Northern District of California. Defendant has filed the Notice of Removal of this action from the Alameda County Superior Court, in which it is now pending; a copy of this Notice has been served upon Plaintiff.

DATED: June 5, 2026 **RESOLUTE, APC**

By: ______________________
JESSICA S. PLINER
ELENO NUNEZ GONZALEZ
Attorneys for Defendants
WRI GREENHOUSE, L.P., KIMCO REALTY CORPORATION, KIMCO REALTY OP, LLC, and KRC PROPERTY MANAGEMENT I, INC.

**CERTIFICATE OF SERVICE**
*Ragini Kapadia v. WRI Greenhouse, L.P., et al.*
U.S.D.C. Northern District, Case No.____________________

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is One Embarcadero Center, Suite 1200, San Francisco, CA 94111.

On June 5, 2026, I served the following document(s):

**DEFENDANT KIMCO REALTY CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Sung "Sean" Kim
Aaron G. Capps
BANA LAW, PC
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

Tel. (310) 273-7300

Attorneys for Plaintiff
RAGINI KAPADIA

Email: shk@banalaw.com
Email: aaron@banalaw.com
Email: eserviceshk@banalaw.com
Elizabeth Sutlian-Mardikian
esutlianmardikian@mvpflaw.com

The documents were served by the following means:

☒ (BY ELECTRONIC TRANSMISSION ONLY) Only by e-mailing the document(s) to the persons at the e-mail address(es) listed above based on confirmation from counsel pursuant to CCP 1010.6I. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 5, 2026, at Napa, California.

Jessica Pliner